IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAVID CHAUDHRI and | ) | |
| ARSHAD CHAUDHRI, | ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 4:17-cv-00703-DGK |
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) | |
| HANI DAIFALLAH, and | ) ) | |
| MOHAMMED DAIFALLAH, | ) ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO SEVER CLAIMS

This case involves the alleged theft and destruction of property at a convenience store and fuel station owned by Plaintiffs Javid Chaudhri and Arshad Chaudhri. Plaintiffs allege that in connection with leaving the store, former tenants Defendants Hani Daifallah and Mohammed Daifallah ("Defendants Daifallah") took substantial fixtures, appurtenances, and personal property owned by and belonging to Plaintiffs causing substantial damage to the store. Plaintiffs subsequently submitted a claim to their insurer Defendant State Auto Property and Casualty Insurance Company ("State Auto") for property loss, damage, and business loss allegedly caused by Defendants Daifallah. Defendant State Auto denied coverage based on Plaintiffs' failure to submit to examinations under oath and produce requested documentation.

Plaintiffs filed suit in Jackson County, Missouri, against Defendants Daifallah for conversion and willful and malicious acts (Counts I and II) and against Defendant State Auto for breach of contract and vexatious refusal (Counts III and IV). Defendant State Auto removed the

case to this Court on the basis of diversity jurisdiction, alleging Defendants Daifallah were not properly joined.

Now before the Court is Defendant State Auto's Motion to Sever Plaintiffs' claims against Defendants Daifallah (Doc. 7). Finding that Plaintiffs' claims against Defendants Daifallah are misjoined with Plaintiffs' claims against Defendant State Auto, the motion is GRANTED.

**Standard**

Federal Rule of Civil Procedure 20 states that defendants may be joined in one action if:

(A) Any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) Any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). The Eighth Circuit has defined the term "transaction" to be a word of flexible meaning:

It may comprehend a series of many occurrences, depending not so much on the immediateness of their connection as upon their logical relationship. Accordingly, all "logically related" events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence. . . . Absolute identity of all events is unnecessary.

*In re Prempro*, 591 F.3d 613, 622 (8th Cir. 2010) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). *See also* 7 Charles A. Wright, et al., *Federal Practice and Procedure* § 1653 (3d ed. 2001)(stating "the flexibility of this standard enables the federal courts to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20").

Federal Rule of Civil Procedure 21, which governs "Misjoinder and Nonjoinder or Parties", provides that the court "may at any time, on just terms" sever any claim against a misjoined party. Fed. R. Civ. P. 21. *See also Miller v. Cottrell*, No. 06-0141-CV-W-NKL, 2006 WL 1313367, at

2

*5 (W.D. Mo. May 12, 2006) (remanding misjoined claims against nondiverse defendant to state court). "Severance under this rule is committed to the court's sound discretion." *Simon v. Liberty Mut. Fire Ins. Co.*, No. 4:17-CV-0152-DGK, 2017 WL 6276187, at *2 (W.D. Mo. Dec. 8, 2017).

**Discussion**

Defendant State Auto argues Counts I and II are misjoined to this lawsuit because they neither arise out of the same transaction or occurrence nor share a common question of law or fact as Counts III and IV. Based on this alleged misjoinder, Defendant State Auto requests severance of the claims.

I. **Counts I and II are misjoined.**

The Court finds that Plaintiffs' claims against Defendants Daifallah do not satisfy Rule 20's requirements for joinder. Specifically, Defendants Daifallah's alleged conversion and malicious acts bear no logical relationship to Defendant State Auto's subsequent denial of insurance coverage. *See Todd v. Cary's Lake Homeowners Ass'n*, 315 F.R.D. 453, 457-58 (D.S.C. 2016) (severing claims against alleged tortfeasors who allegedly contributed to flood damage of the plaintiff's property from claims against insurer for breach of contract and bad faith); *Tri-Miss Servs., Inc. v. Fairley*, No. 2:12-CV-152-KS-MTP, 2012 WL 5611058, at *3 (S.D. Miss. Nov. 15, 2012) (severing claims of embezzlement and conversion from claims against insurers for breach of contract and bad faith); *Defourneaux v. Metro. Prop. & Cas. Ins. Co.*, No. 06-3809, 2006 WL 2524165, at *2 (E.D. La. Aug. 30, 2006) (severing tort claims from breach of contract claims against insurer); *Madison Materials Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-CV-14 WS, 2004 WL 7330498, at *4 (S.D. Miss. Sept. 14, 2004) (severing claims of embezzlement and conversion from claims of breach of an insurance contract and bad-faith withholding of insurance

benefits).

Plaintiffs' argument that a dispute concerning ownership of the subject property causes the claims to be related is unavailing. The alleged conversion and denial of coverage are distinct events that involve separate legal and factual issues. Plaintiffs' tort claims against Defendants Daifallah contemplate the legal rights of the respective parties to possess the subject property. Plaintiffs' claims against Defendant State Auto involve issues of contract interpretation and the parties' obligations as defined by the insurance policy. Whether Defendants Daifallah converted Plaintiffs' property is immaterial to a determination of whether Defendant State Auto breached the insurance contract when it denied coverage. Defendant State Auto denied Plaintiffs' claim not because the property wasn't stolen, but as a result of Plaintiffs' failure to cooperate, produce requested documents, and submit to examinations under oath.[1] A finding that the property was

---

[1] The April 25, 2013, denial letter stated:
> State Auto has made multiple requests that the insureds submit to [Examinations Under Oath ("EUOs")], as well as produce documentation in support of their claim, pursuant to the conditions of the policy. Their failure to do so constitutes a violation of the terms of the policy. The insureds' cooperation was particularly important in this instance, where there are substantial questions concerning whether any alleged theft even occurred or would be considered a covered cause loss under the policy. Although fixtures, betterments and improvements may constitute covered property, there is only coverage if the loss or damage results form a covered cause of loss. Based on the tenants['] statement that they had purchased the items which were located in the subject property, possess documentation to prove the purchase and were permitted pursuant to the terms of their lease to remove these items, it does not appear that a theft occurred. It was therefore absolutely crucial to State Auto's investigation that the insureds[ ] submit to EUOs and produce the requested information in support of their claim. However, the insureds have failed to cooperate in several respects in violation of the conditions of the policy.
>
> Thus, based on their failure to submit to the EUIs and to produce the requested documentation despite numerous requests and the terms conditions and exclusions of the insurance policy and applicable law, State Auto has no choice but to decline coverage for the damages claimed as a result of the alleged theft of July 23, 2012.

(Doc. 1-6). This was again confirmed by letter dated September 4, 2013:
> The insureds have failed to submit to Examinations Under Oath and to produce the requested documentation despite numerous requests by State Auto. Therefore, the insureds have breached [the conditions of the policy]. Consequently, State Auto has no choice but to respectfully decline coverage for the damages being claimed as a result of the alleged theft of July 23, 2012.

(Doc. 1-7).

4

not stolen would have no bearing on Defendant State Auto's liability.

II.     **Counts I and II are remanded based on lack of diversity jurisdiction.**

Federal courts are courts of limited jurisdiction and as such may only hear cases they have been authorized to hear by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If federal jurisdiction is lacking, the district court must remand the case to state court. 28 U.S.C. § 1447(c). Here, Plaintiffs are citizens of Kansas, as is Defendant Hani Daifallah (Doc. 1-2 at ¶¶ 1, 2, 6). Diversity jurisdiction thus does not exist. 28 U.S.C. § 1332(a)(1).

## Conclusion

For the foregoing reasons, the Defendant State Auto's Motion to Sever (Doc. 7) is GRANTED. Plaintiffs' claims against Defendants Hani Daifallah and Mohammed Daifallah (Counts I and II) are remanded to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Date:     September 24, 2018           /s/ Greg Kays
                                       GREG KAYS, CHIEF JUDGE
                                       UNITED STATES DISTRICT COURT